MORGAN *v.* MORGAN, et al.

Jan. 4, 1954

No. 39029          47 Adv. S. 52          69 So. 2d 232

*Lomax B. Lamb, Jr.,* Marks, for appellant.

482

*Roberson, Luckett & Roberson,* Clarksdale, for appellees.

LOTTERHOS, J.

This case concerns the title to a plantation in Quitman County known as the Marks Place. The controversy is between the widow of Roger P. Morgan, who is the appellant, and his two daughters by a former marriage, who are the appellees. The facts are simple.

The land originally belonged to James Benton Morgan, the father of Roger P. Morgan and the grandfather of appellees. He died in 1928, leaving a will which disposed of the Marks Place by the following provision:

"I hereby give and devise to the use of my son Roger P. Morgan and his wife, Delma Morgan, for and during their joint lives the following tract or parcel of land, lying and being situate in the County of Quitman, State of Mississippi, to-wit:

"That certain plantation now belonging to me, situate near the town of Marks, Mississippi, known as the 'Marks Place' * * *;

"And after the death of my son Roger P. Morgan I give and devise the reversion and remainder of said land to the use of the said Delma Morgan, for and during her natural life, provided she shall not marry again, and at her death I give and devise the reversion and remainder of said land to the heirs of her body in fee simple, if any there be, and in case she shall die leaving no heirs of her body then I give and devise the remainder and reversion of said land to my right heirs in fee simple. But if after the death of my son Roger P. Morgan the said Delma Morgan shall marry again, then upon her said marriage I give and devise the reversion and remainder of said land to the heirs of her body then in being in fee simple, and if she shall at that time have no heirs of her body then upon her remarriage as aforesaid I give and devise the remainder and reversion of said land to my right heirs, in fee simple. And upon the death of the said Delma Morgan, I give and devise the remainder and reversion of said land to my son Roger P. Morgan for

life and at his death to the heirs of his body, in fee simple, if any there be; but if my son Roger P. Morgan shall die after the death of the said Delma Morgan, leaving no heirs of his body, then at his death I give and devise the remainder and reversion of said land to my right heirs, in fee simple.''

The testator also made provision in his will for his wife and for other descendants, but it is not necessary to consider any part of the will other than what is quoted above. At the date of death of the testator, his son, Roger, was living, as was this son's then wife, Delma Morgan. In the early part of 1944 Roger and Delma Morgan were divorced. They had two daughters, the appellees. In the latter part of 1944, Roger P. Morgan married appellant, Ann Kinchloe Morgan. They lived together on the Marks Place thereafter until the death of Roger Morgan. In July, 1945, Delma Morgan re-married. She died on November 25, 1947. Then, on April 23, 1951, Roger P. Morgan died.

The court below held that, since the death of Roger P. Morgan, his daughters, the appellees, are the owners in fee simple of the Marks Place, under the will of their grandfather, and that appellant has no title to this land. We are satisfied that the chancellor was correct.

██ █ The principal argument on behalf of appellant is that the quoted provision of the will of James Benton Morgan violates the ''two-donee'' statute (Sec. 2269, Hemingway's Miss. Code of 1917), as it existed prior to 1930. That section was in the following language:

''Estates in fee tail prohibited.—Estates in fee tail are prohibited; and every estate which, but for this statute, would be an estate in fee tail, shall be an estate in fee simple; but any person may make a conveyance or a devise of lands to a succession of donees then living, not exceeding two, and to the heirs of the body of the remainder-man, and, in default thereof, to the right of heirs of the donor, in fee simple.''

The argument for appellant is that, under the will, the *first donee* consisted of Roger P. Morgan and his wife, Delma Morgan, during their joint lives (it being claimed that their estate ended in the early part of 1944 when their marriage and "joint lives" were terminated by divorce); the *second donee* consisted of such persons as may have legally owned the land after the termination of the first estate by divorce and prior to the death of Delma Morgan in 1947; and the *third donee* was Roger P. Morgan thereafter for the remainder of his life. It is then said that Roger P. Morgan, being a third donee, contrary to the applicable statute (as of the date of his father's death, when the will went into effect), received the fee simple title to the land under the statute. Of course, if Roger P. Morgan held the fee simple title at his death, appellant would be in a position to claim a widow's rights in the land, and a portion of the title as an heir. (It is contended that the will of Roger P. Morgan did not dispose of the Marks Place, and that he died intestate with respect to it. However, we find it unnecessary to discuss that contention, because we think the estate of Roger P. Morgan terminated at his death.)

The argument made by appellant is ingenious, but we do not agree with it. Our interpretation of the will of James Benton Morgan is that it devised a joint life estate to Roger and Delma Morgan so long as they both lived (not until a divorce), and that after the death of Delma Morgan the title was in Roger Morgan (for his life). At the most, there were two donees, as permitted by the statute. Therefore, the devise to the heirs of the body of Roger P. Morgan, at his death, was valid, and appellees became the owners in fee simple upon that event. The principles underlying Redmond v. Redmond, 104 Miss. 512, 61 So. 552, and Shannon v. Riley, 153 Miss. 815, 121 So. 808, are of interest here, in recognizing a class gift with survivorship as not violating the two-donee statute.

Appellant also contends that, under the peculiar circumstances of this case, she is an heir of the body of Roger P. Morgan, as that term was used in the will of James Benton Morgan. She says that, therefore, she would in all events take a one-third interest in the land at the death of her husband, as a devisee. We have carefully considered this argument, and find no merit in it.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes,* and *Arrington, JJ.,* concur.